IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARGYLE SYSTEMS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:21-cv-00016-EGS |

**Plaintiff's Opposition to Defendant's Motion For Summary Judgment, and Cross-Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment in Favor of Plaintiff**

## INTRODUCTION

Plaintiff Argyle Systems Inc. ("Argyle" or "Plaintiff") respectfully submits its Opposition to Defendant Internal Revenue Service's ("IRS") Motion for Summary Judgment ("Motion"). In addition, Argyle hereby submits its Cross-Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Cross-Motion"). Argyle bases its Cross-Motion on its Counter-Statement of Disputed Facts, the pleadings on file with this Court, and such oral evidence and argument as may be introduced at a hearing before this Court.

Simply stated, IRS' reliance on Exemption 3 and 26 U.S.C. § 6103(a) is misplaced. The records requested by Argyle neither consist of a "return" nor do they contain "return information," and are therefore not within the statutory protection of 26 U.S.C. § 6103(a). IRS' does not contend that any of the requested records are "returns," nor does it present any *facts* to support its contention that they contain return information. Likewise, IRS fails to present any facts to support its blanket

assertion that disclosure of some of the requested records would constitute an unwarranted invasion of privacy.

IRS provides not a shred of legally cognizable justification for withholding the bulk of the requested documents, and specifically those in Request No. 2.  Nor does IRS specify why "those portions of the RAL's which do not implicate "tax liability" or "return information" (if any such portions of the RALs exist in the first instance) cannot be segregated and disclosed.  Thus, the purported "Undisputed Facts" upon which IRS relies are merely inaccurate opinions, rendering Summary judgment in IRS' favor inappropriate.

To the contrary, the truly undisputed and factual portions of IRS' Undisputed Facts, combined with the additional facts presented in Argyle's Counter-Statement of Disputed Facts, supports Summary Judgment, or Partial Summary Judgment, in Argyle's favor.  As set forth herein, the requested records are not exempt from disclosure and, as such, must be produced to Argyle pursuant to its FOIA Request.

## TABLE OF CONTENTS

**Page**

I. LEGAL STANDARD ................................................................................................... 6

II. WITH RESPECT TO ITEMS 1 AND 4-9 OF ARGYLE'S FOIA REQUEST, FORM 8655 IS NOT A "RETURN," AND NEITHER THE FORM NOR INFORMATION DERIVED FROM IT CONSTITUTES RETURN INFORMATION ................................ 8

    A. Form 8655 is Not a Return ............................................................................... 9

    B. Form 8655 Does Not Contain "Return Information" Within the Meaning of Section 6103 ..................................................................................................... 12

III. ITEM 2 OF ARGYLE'S FOIA REQUEST, THE REPORTING AGENT LISTS ("RAL") ARE NOT EXEMPT BECAUSE THEY ARE FILED BY THE RA, RATHER THAN BY ANY TAXPAYER ................................................................................................. 15

IV. IRS IMPROPERLY FAILS TO SEGREGATE NON-DISCLOSABLE PORTIONS OF THE RECORD AND DISCLOSE THE REMAINDER .................................................. 15

V. IRS FAILS TO ESTABLISH THAT DISCLOSURE OF THE REQUESTED RECORDS IS A CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY ............. 17

BN 46153692v2

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ackerson & Bishop Chartered v. USDA*,
   No. 92-1068, slip op. (D.D.C. July 15, 1992) .......................................................................... 18

*Carter v. U.S. Dep't of Commerce*,
   830 F.2d 388 (D.C. Cir. 1987) ......................................................................................... 17, 18

*Cause of Action v. Internal Revenue Serv.*,
   125 F. Supp. 3d 145 (D.D.C. 2015) ......................................................................................... 9

*Church of Scientology of California v. I.R.S.*,
   484 U.S. 9 (1987) .................................................................................................................. 13

*Dept. of the Air Force v. Rose*,
   425 U.S. 352 (1976) ................................................................................................... 6, 17, 18

*Elec. Priv. Info. Ctr. v. Nat'l Sec. Agency*,
   678 F.3d. 926 (D.C. Cir. 2012) ................................................................................................ 6

*Electronic Privacy Information Center v. IRS*,
   910 F3d. 1232 (D.C. Cir. 2018) ..................................................................................... 7, 8, 9

*Kamman v. IRS*,
   56 F.3d 46 ............................................................................................................................... 7

*Machado Amadis v. U.S. Dep't of State*,
   971 F.3d 364 (D.C. Cir. 2020) ................................................................................................. 7

*Multi Ag Media LLC v. Dep't of Agriculture*,
   515 F.3d 1224 (D.C. Cir. 2008) ............................................................................................. 18

*Nat'l Ass'n of Home Builders v. Norton*,
   309 F.3d 26 (D.C. Cir. 2002) ................................................................................................. 18

*Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*,
   No. 20-5091, 2021 WL 2753938 (D.C. Cir. July 2, 2021) ............................................. passim

*Rice v. United States*,
   166 F.3d 1088 (10th Cir. 1999) ............................................................................................. 13

*Rosenberg v. Dept. of Defense (Rosenberg I)*,
   342 F. Supp. 3d 62 (D.D.C. 2018) ........................................................................................... 8

BN 46153692v2

*Ryan v. B.A.T.F.*,
    715 F.2d 644 (D.C. Cir. 1983) (Scalia, J.) .................................................................. 10, 11, 15

*Thomas v. United States*,
    890 F.2d 18 (7th Cir. 1989) ................................................................................................. 13

*In re U.S.*,
    817 F.3d 953 (6th Cir. 2016) ......................................................................................... 13, 14

**Statutes**

5 U.S.C. § 552(a)(8)(A) .............................................................................................................. 16

5 U.S.C. § 552(a)(8)(A)(i)(1) ........................................................................................................ 7

5 U.S.C. § 552(b)(6) ................................................................................................................... 17

26 U.S.C. § 6103 ................................................................................................................... 12, 13

26 U.S.C. § 6103(a) ............................................................................................................. *passim*

26 U.S.C. § 6103(b)(1) ..................................................................................................... 9, 10, 12

26 U.S.C. § 6103(b)(1) & (3) ..................................................................................................... 10

26 U.S.C. § 6103(b)(2) ................................................................................................... 12, 13, 14

26 U.S.C. § 6103 (b)(2)(A) .................................................................................................. *passim*

FOIA Improvement Act of 2016, Pub.L.No.114-184, 130 Stat.538 (2016) ............................. 6, 7

**Other Authorities**

*A Guide to Information Returns*, IRS, https://www.irs.gov/businesses/small-
    businesses-self-employed/a-guide-to-information-returns (page last reviewed
    or updated July 7, 2021) .......................................................................................................8, 11

H.R. Rep. No. 391 ......................................................................................................................... 7

*Information Returns*, IRS, https://www.irs.gov/government-entities/federal-state-
    local-governments/information-returns (page last reviewed or updated June
    26, 2021) ............................................................................................................................... 11

**STATEMENT OF RELEVANT FACTS**

Plaintiff Argyle Systems Inc. ("Argyle") incorporates herein by this reference the facts enumerated in its Counter-Statement of Disputed Facts filed concurrently with this Opposition to Defendant IRS' Motion for Summary Judgment and Cross-Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment in Favor of Argyle.

**ARGUMENT**

**I.      LEGAL STANDARD**

IRS' purported legal standard for adjudicating a motion for summary judgment in the FOIA context stops far short of the current rule governing the adjudication of FOIA claims. IRS purports to acknowledge the obligation to "make available to the public records in its possession unless the information is covered by one of Section 552(b)'s nine statutory exemptions." Brief in Support of Motion for Summary Judgment ("Brief") at 4-16 (citing *Elec. Priv. Info. Ctr. v. Nat'l Sec. Agency*, 678 F.3d. 926, 931 (D.C. Cir. 2012)). However, IRS does not account for *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, No. 20-5091, 2021 WL 2753938 (D.C. Cir. July 2, 2021). In that case, the Court went much farther in confirming FOIA's ultimate purpose, i.e. that "limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Id.* at *1 (citing *Dept. of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)). In furtherance of that objective, Congress, in the FOIA Improvement Act of 2016, Pub.L.No.114-184, 130 Stat.538 (2016) "mandated that agencies may only withhold information under a FOIA exemption if the agency 'reasonably foresees that disclosure would harm an interest protected by an exemption' or if 'disclosure is prohibited by law[.]'" *Reporters Committee*, 2021 WL 2753938 at *2. "Congress added the distinct foreseeable harm requirement to foreclose the withholding of material unless the agency can 'articulate both the nature of the harm [from release]

BN 46153692v2

and the link between the specified harm and specific information contained in the material withheld.'" *Id.* at *11 (citing H.R. Rep. No. 391, at 9). "Nor may the government meet its burden with 'generalized assertions.'" *Reporters Committee*, 2021 WL 2753938 at *11 (citing *Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020)); *see, e.g.*, *Kamman v. IRS*, 56 F.3d 46, 48 ("[T]he government 'may not rely upon conclusory and generalized allegations of exemptions.'"). In fact the D. C. Circuit found that "It is apparent from the statutory text alone that the government's successful invocation of the FOIA exemption cannot justify its withholding of exempt material without a more particularized inquiry into what sort of foreseeable harm would result from the material's release." *Reporters Committee*, 2021 WL 2753938 at *11 n.3. (citing 5 U.S.C. § 552(a)(8)(A)(i)(1)). "The detailed legislative history of the provision underscores the type of showing that Congress now requires of Federal agencies." *Id.*

Here, as in *Reporters Committee*, the "government broadly failed to 'specifically focus' its foreseeable harm demonstration on the information at issue in the [documents] under review." *Id.* at *12 (quoting *Machado Amadis*, 971 F3d at 371). Instead, IRS completes the invocation of each and every exemption with the claim that the documents sought are "exempt as 'return information' because [they are] with respect to the determination of the existence, or possible existence, of liability, 26 U.S.C. section 6103 (b)(2)(A)," without a shred of fact or argument to substantiate their assertion, and thus, in direct contravention of Congress' mandate in the FOIA Improvement Act. IRS Brief at 8; *see Reporters Committee*, 2021 WL 2753938 at *12.

Finally, even IRS' own authority betrays the weakness of its position. IRS relies on the claim that "there is an exception to the adequate search requirement," such that an "agency need not continue their [sic] search for records when it learns that the requested records are categorically exempt under the FOIA." IRS Brief at 4-5, citing *Electronic Privacy Information Center v. IRS*,

910 F3d. 1232, 1237 (D.C. Cir. 2018) [hereinafter "*EPIC*"].  However, IRS ignores the same opinion where it states

> "[a] FOIA request often seeks a mixture of exempt and non-exempt records. For such a request, an agency must segregate the non-exempt information from the exempt information, disclosing the former but not the latter…To withhold records, then, the agency must establish that an exemption applies and, for mixed requests, must still disclose 'all reasonably segregable, non-exempt portions of the requested record(s).'"

*EPIC*, 910 F3d at 1237.  "While agencies may sometimes satisfy that burden on a category-by-category basis, rather than a document-by-document basis – 'that is, group together like records' and explain the harm that would result from the release of each group – the basis and likelihood of that harm must be independently demonstrated for each category." *Reporters Committee*, 2021 WL 2753938 at *12 (quoting *Rosenberg v. Dept. of Defense (Rosenberg I)*, 342 F. Supp. 3d 62,78 (D.D.C. 2018)).

This IRS has utterly failed and refused to do.  For these, and all other reasons set forth below, IRS' Motion for Summary Judgment should be denied.

II. **WITH RESPECT TO ITEMS 1 AND 4-9 OF ARGYLE'S FOIA REQUEST, FORM 8655 IS NOT A "RETURN," AND NEITHER THE FORM NOR INFORMATION DERIVED FROM IT CONSTITUTES RETURN INFORMATION**

IRS relies primarily on 26 U.S.C. section 6103(a) as a "statute qualifying for protection under [FOIA] Exemption 3" in support of its motion for summary judgment.  (See Brief at 6.) That section provides, in relevant part:

> "<u>Returns</u> and <u>return information</u> shall be confidential, and except as authorized by this title-

>(1) no officer or employee of the United States,
>
>. . .
>
>shall disclose any <u>return</u> or <u>return information</u> obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section."

26 U.S.C. § 6103(a) (emphasis added).

FOIA exemptions should be construed narrowly. *Cause of Action v. Internal Revenue Serv.*, 125 F. Supp. 3d 145, 153 (D.D.C. 2015) "[S]ection 6103(a) is limited in scope." *EPIC*, 910 F.3d at 1240. "Not all IRS records constitute tax returns or return information." *Id.* Because Section 6103(a) on its face only makes confidential "returns" and "return information," IRS may only withhold the requested records to the extent that they consist of "returns" or "return information."

As to its claim under Exemption 3, IRS relies exclusively on the contention that Items 1 and 4-9 of Argyle's FOIA request either consist of or are derived from Form 8655 which, according to IRS, "contain[s] taxpayer identifying information" that is not subject to disclosure. *See* IRS Brief at 8. Thus, the proposition that Form 8655 is a "return" or contains "return information" is the *sine qua non* of IRS' Exemption 3 argument. If Form 8655 is *not* a return and does *not* contain return information, then IRS' Exemption 3 claim fails. As set forth below, IRS fails to meet its burden of demonstrating that either Form 8655 or the other requested records consist of returns or return information, and its Motion must therefore be denied.

**A.     Form 8655 is Not a Return**

A "return" is "any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person. . . ." 26 U.S.C. § 6103(b)(1). IRS does not contend in its Motion that the requested records are exempt because they are

"returns." Rather, it flatly contends in conclusory language that eight of the nine categories of records requested by Argyle are "exempt as 'return information' because [they are] 'with respect to the determination of the existence, or possible existence, of liability.' 26 U.S.C. § 6103(b)(2)(A)" IRS Brief at 8-11.

Two types of "returns" are recognized under this definition – "tax returns" and "information returns." *See* 26 U.S.C. § 6103(b)(1). "A 'tax return' is a return filed by the person liable for the tax to which the return information relates." *Ryan v. B.A.T.F.*, 715 F.2d 644, 646 n.4 (D.C. Cir. 1983) (Scalia, J.) (citing 26 U.S.C. § 6103(b)(1) & (3). There is no dispute that Form 8655 is not a "tax return" within the meaning of section 6103(b)(1). On its face, form 8655 does not relate to any amount of tax whatsoever, nor does it discuss or identify any actual or potential tax liability. Instead, it simply authorizes a Reporting Agent to take certain actions on a third party's behalf. Unlike a true tax return, such as the Form 1040 with which every individual taxpayer in the country is familiar, Form 8655 does not include any information about the taxpayer's income, tax withholdings, allowances, or deductions. Similarly, the remaining categories of requested records (items 2 and 4-9 of Argyle's FOIA request) cannot be tax returns because they were generated by IRS, not "filed by the person" liable for any tax.

The second type of return is an "information return." 26 U.S.C. § 6103(b)(1). The term "information return" is not defined in the statute. *Ryan*, 715 F.2d at 646. However, IRS itself does not contend that Form 8655 or the other requested records constitute information returns. *See generally* Motion. Indeed, Form 8655 is conspicuously absent from IRS' publications "A

BN 46153692v2

Guide to Information Returns," and "Information Returns," which are available on the IRS' website.[1]  UMF 63-65.

Further, the D.C. Circuit has construed an "information return" to mean "a document. . . designed to provide information **for the protection of revenue**, and required, under the authority of the Internal Revenue Code pursuant to implementing regulations, to be filed on a standardized form, **signed by the filer under penalty of perjury**."  *Ryan*, 715 F.2d at 646 (emphasis added).  All of these criteria are missing from Form 8655, and IRS offers no evidence to support a contrary conclusion.  There is no indication that Form 8655 provides information *for the protection of revenue*.  Form 8655 neither discloses a particular amount of revenue nor a potential source or type of revenue.  Nor is Form 8655 a document that is *required* to be filed, unlike W-2 or a 1099, and unlike the Form 4328 at issue in *Ryan* which was required to be filed by bottle manufacturers for the purpose of protecting revenue derived from the production of liquor.  *Ryan*, 715 F.2d at 645.  While a person certainly has the option of retaining a reporting agent to take actions and receive disclosures on its behalf, a person is not obligated to do so.  Furthermore, the instructions to Form 8655 provide that the standard form need not be used, as the use of a "substitute Form 8655" is authorized.  UMF 62; *see* Walker Decl. Ex. A (Dkt. 16-6), at 2.  Finally, form 8655 itself betrays that it is not signed by the filer under penalty of perjury, indicating the *in*formality of this document as compared with the notice of intent to manufacture at issue in *Ryan*.

---

[1] *A Guide to Information Returns*, IRS, https://www.irs.gov/businesses/small-businesses-self-employed/a-guide-to-information-returns (page last reviewed or updated July 7, 2021); *see also Information Returns*, IRS, https://www.irs.gov/government-entities/federal-state-local-governments/information-returns (page last reviewed or updated June 26, 2021) (identifying Form 1099, Form W-2, Form W-9, and Form 945 as "information returns").

As to the remaining categories of documents (Items 2 and 4-9 of Argyle's FOIA request), IRS does not contend that these records constitute "tax returns" or "information returns."

Based on the foregoing, neither the Form 8655 (Item 1 of Argyle's FOIA request), nor the remaining documents requested by Argyle, are exempt from disclosure as "returns."

**B.     Form 8655 Does Not Contain "Return Information" Within the Meaning of Section 6103**

Neither Form 8655, nor the records requested in Argyle's FOIA request, consist of "returns" under 26 U.S.C. § 6103(b)(1). Thus, the requested records are only exempt from disclosure under 26 U.S.C. § 6103(a) if they consist of "return information." The requested records do not contain such "return information," and are therefore subject to disclosure.

Section 6103(b)(2) defines the term "return information" as:

> "(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary **with respect to a return or with respect to the determination of the existence, or possible existence, of liability** (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense. . . ."

26 U.S.C. § 6103(b)(2) (emphasis added). IRS' Motion focuses exclusively on the phrase "a taxpayer's identity" to purportedly bring the requested records within the scope of Section 6103(a). IRS could not do otherwise, as there is no dispute that neither the Form 8655 nor the requested records contain "the nature, source, or amount of [] income payments," or receipts, or deductions, or exemptions, or credits, or assets, or liabilities, or net worth, or tax liability, or tax withholdings, or deficiencies, or overassessments, or tax payments. The term "taxpayer identity" in turn, is defined as "the name of a person **with respect to whom a return is filed**, his

mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof." 26 U.S.C. § 6103 (emphasis added).

"[T]he definition of return information comes into play <u>only when the immediate source of the information is a return</u>, or some internal document based on a return. . . ." *Thomas v. United States*, 890 F.2d 18, 21 (7th Cir. 1989) (emphasis added); *see Rice v. United States*, 166 F.3d 1088, 1091 (10th Cir. 1999) ("[W]hether information about a taxpayer may be classified as 'return information' invoking application of § 6103 turns on the immediate source of the information."). This is consistent with the Supreme Court's recognition that section 6103(b)(2) "contains an elaborate description of the sorts of information ***related to returns*** that respondent is compelled to keep confidential." *Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 15 (1987) (emphasis added). Thus, for example, "the name of an applicant for tax-exempt status does not fall within a 'taxpayer's identity' as that term is defined in § 6103(b)(6)." *In re U.S.*, 817 F.3d 953, 963 (6th Cir. 2016).

Here, as set forth above, and by IRS' admission, none of the requested records constitutes a return or a document derived from a return. In *In re U.S.*, the Sixth Circuit ordered the disclosure of the names of applicants for tax-exempt status, despite IRS' claims that Section 6103(a) prohibited the disclosure of such information, which the IRS claimed – as it claims here – was "taxpayer identity" information. *Id.* at 963-965. In so holding, the Sixth Circuit took IRS to task for raising the same boilerplate argument asserted in the instant Motion:

> "The IRS responded at oral argument—as it always seems to respond when seeking to withhold documents in cases involving § 6103—that the names of applicants for tax-exempt status are "other data, received by, recorded by, furnished to, or collected by the Secretary ... with respect to the determination of the existence, or possible existence, of liability" for a tax. *See* § 6103(b)(2)(A). But that argument would prove too much. If "data collected" by the Secretary includes the name of an applicant for tax-exempt

> status, so too it includes the name of a taxpayer who files a return. And in that event Congress was wasting its time when it included "taxpayer identity" as a type of return information under § 6103(b)(2)(A), since a taxpayer's name would already be "data collected" (and thus return information) under the IRS's unbounded conception of that term. And Congress was wasting its time yet again when it carefully defined "taxpayer identity" in § 6103(b)(6) to include names on returns but not applications— because again, in the IRS's view, both types of names are data collected (and thus return information). All of which is to say that, as a matter of elementary statutory interpretation, the IRS's assertion that applicant names are return information is meritless."

*In re U.S.*, 817 F.3d at 963-64. As articulated in *In re U.S.*, Congress intended the term "taxpayer identity" to have a specific meaning that is directly tied to the filing of a "return." *See id.* A document in IRS' possession that happens to contain the name of a person that may in the future file, or may in the past have filed, a return does not, by that fact alone, contain a "taxpayer identity" as defined by Congress in Section 6103(b)(6). Otherwise, Congress would have been wasting its time when it carefully defined "taxpayer identity" to include names on returns, but not on other documents, as set forth in Section 6103(b)(6). *See In re U.S.*, 817 F.3d at 963-64.

IRS also fails to set forth any <u>facts</u> to support its contention that the requested records are "'return information' because [they are] 'with respect to the determination of the existence, or possible existence, of liability.' 26 U.S.C. § 6103(b)(2)(A)." IRS Brief at 8-11. Nor can it, as Form 8655 does not refer to any possible tax liability. Neither does Form 8655 call for or refer to income, payments, receipts, deductions, exemptions, credits, net worth, or any of the other laundry list of items that fall within the definition of "taxpayer identity" under Section 6103(b)(2). UMF 60-61.

The sole data points in Form 8655 are the name and contact information of the Reporting Agent ("RA") and the authorizing party, and whether and what documents and payments the RA is authorized to make. UMF 23, 60-61. IRS utterly fails to address how this information is in

any way connected with "the determination of the existence, or possible existence, of liability." *See* 26 U.S.C. § 6103(b)(2)(A). Form 8655 does not contain protected return information. For that reason, IRS's Motion should be denied, and Argyle's Cross-Motion should be granted.

### III.   ITEM 2 OF ARGYLE'S FOIA REQUEST, THE REPORTING AGENT LISTS ("RAL") ARE NOT EXEMPT BECAUSE THEY ARE FILED BY THE RA, RATHER THAN BY ANY TAXPAYER

The D.C. Circuit has held "only that when an information return is filed with respect *to oneself*, the filer's identity is entitled to statutory protections" under section 6103(a). *Ryan*, 715 F.2d at 647. This holding "does not. . . necessarily require protection of the identity of a person (such as a bank) who files an information return with respect to another party." *Id.*

The RALs at issue in this case (Item 2 in Argyle's FOIA Request) are exactly this type of document and are not subject to the Section 6103(a) exemption to disclosure. An RAL is submitted by an RA – not by a taxpayer. *See* IRS' UMF No. 24. It is not a form submitted *"by oneself"* as a taxpayer, but rather is submitted by a third party. *Ryan*, 715 F.2d at 647. Thus, the identity of the filer – here the RA – is not subject to statutory protection. The status of the RAL as a document filed by an RA with respect to a third party provides a separate and independent basis for finding that the RAL is not an exempt "return or return information." IRS' Motion must be denied with respect to the RALs.

### IV.   IRS IMPROPERLY FAILS TO SEGREGATE NON-DISCLOSABLE PORTIONS OF THE RECORD AND DISCLOSE THE REMAINDER

Even if, for argument's sake, Form 8655 could be construed as a "return" or "return information," which it cannot, the Form 8655 is entirely separate and distinct from the remainder of the contents of numerous files requested – most notably, Request No. 2 for RALs. IRS admits

as much in its Statement of Undisputed Facts, No. 25, where it states "An RAL **typically** contains or is accompanied by the Forms 8655 of a Reporting Agent." UMF 25 (emphasis added). IRS thereby admits that a form 8655 is not an indispensable part of a Reporting Agent List, nor "so intermingled," Walker Decl. ¶ 15, with the exempt portion that it cannot be adequately separated for purposes of disclosure. *See* 5 U.S.C. § 552(a)(8)(A) ("An agency shall - . . . (ii)(II) take reasonable steps necessary to segregate and release nonexempt information. . . ."). Rather, the RAL's primary purpose is to record the designation of the third party "reporting Agent" tasked with filing returns on behalf of the taxpayer. "In addition, the [RAL] will **typically** contain the following information – the name and address of the RA, the RA's EIN. . . name and phone number of the RA's contact person, client account number (optional), and names and EINs of taxpayers." IRS Brief at 9 (emphasis added).

Despite the clear purpose of simply designating a party to file the taxpayer's return, IRS lumps all the information on the RAL together as alleged taxpayer "return information" (even though it has little if anything to do with the identity of the taxpayer and everything to do with the identity of the RAL), allegedly because it is purported to identify taxpayers for whom an RA will perform services "with respect to determination of the existence, or possible existence, of liability." 26 U.S.C. § 6103(b)(2)(A). IRS, however, never defines, discusses, or even mentions, the way in which the filing of an identification form, containing only the most basic, functional information, can possibly implicate liability. The RA is, in effect, nothing more than a "mail carrier", with no discernible interpretive function. Thus, none of the information in the RAL can be construed as "return Information" sufficient to justify and exemption from disclosure.

Nor has IRS articulated, much less supported with any law or evidence, even the most rudimentary harm from release of the documents under FOIA, or any link between that

theoretical "harm" and the information in the RALs. Instead, IRS relies exclusively on the generalized assertion that the request is aimed at the establishment of "tax liability", a reliance specifically foreclosed by this Court in *Reporters Committee*, *supra*, at 27. Moreover, IRS does so without so much as a hint as to why the designation of an RA as messenger to deliver tax returns would in any way create or implicate tax liability.

In short, IRS provides not a shred of legally cognizable justification for withholding the bulk of the requested documents, and specifically those in Request No. 2, or why "those portions of the RAL's which do not implicate "tax liability" or "return information" (if any such portions of the RALs exist in the first instance) cannot be segregated and disclosed. IRS' purported "Undisputed Facts" are, thus, mere inaccurate opinion rendering Summary judgment an inappropriate remedy here.

## V.     IRS FAILS TO ESTABLISH THAT DISCLOSURE OF THE REQUESTED RECORDS IS A CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

IRS purports to rely on FOIA Exemption 6, which provides that FOIA's disclosure requirements do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6).  IRS fails to establish that the requested records fall within this exemption.

"Exemption 6 was directed at threats to privacy interests more palpable than mere possibilities." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 380 n.19 (1976).  An agency "may only withhold information under a FOIA exemption if the agency 'reasonably foresees that disclosure would harm an interest protected by an exemption' . . . ." *Reporters Committee*, 2021 WL 2753938 at *2 (emphasis added); *see Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391

(D.C. Cir. 1987) ("Withholding information to prevent speculative harm is indeed contrary to the statute's policy favoring disclosure.") "To establish that the release of information contained in government files would result in a clearly unwarranted invasion of privacy, the court first asks whether disclosure would compromise a substantial, as opposed to a *de minimis,* privacy interest." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33 (D.C. Cir. 2002) (internal quotes omitted) (finding the privacy interest "relatively weak," even where identities of property owners could be determined through this information); *see Ackerson & Bishop Chartered v. USDA*, No. 92-1068, slip op. at 1 (D.D.C. July 15, 1992) (finding no privacy interest in names of commercial mushroom growers operating under own names). The presumption is in favor of disclosure. *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d at 37. Only where a significant privacy issue is at stake should the Court balance "the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'" *Dep't of Air Force v. Rose*, 425 U.S. at 372; *see, e.g.*, *Multi Ag Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1229 (D.C. Cir. 2008) (noting that if "no significant privacy interest is implicated, FOIA demands disclosure").

Here, only a *de minimis* privacy interest exists. Form 8655 and the RAL are both documents that are not required to be submitted to IRS, and represent instead a purely voluntary disclosure. The information disclosed in Form 8655 and the RAL do not contain information that is otherwise exempt from disclosure as a return or return information. There is no unwarranted invasion of privacy here, and IRS has not met is burden to establish otherwise. Indeed, IRS cites to no facts to raise the level of concern above the merely speculative or hypothetical. This is insufficient. *See Reporters Committee*, 2021 WL 2753938 at *2; *Carter*,

830 F.2d at 391. Exemption 6 is inapplicable and does not insulate the requested documents from disclosure.

## CONCLUSION

For the foregoing reasons, Argyle respectfully requests that this Court deny IRS' Motion for Summary Judgment. Argyle further requests that this Court grant Argyle's Cross-Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

Dated: July 12, 2021          Respectfully Submitted:

**BUCHALTER, A PROFESSIONAL CORPORATION**

*/s/* Barbara E. Lichman
Joshua M. Robbins (DC Bar No. 499192)
Barbara E. Lichman (*Appearing Pro Hac Vice*)
Daniel S. Shimell (*Appearing Pro Hac Vice*)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612
(949)760-1121
(949)720-0182 (fax)
jrobbins@buchalter.com
blichman@buchalter.com
dshimell@buchalter.com

Attorneys for Plaintiff Argyle Systems Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2021, I electronically filed the foregoing Plaintiff's Opposition to Defendant's Motion For Summary Judgment, and Cross-Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment in Favor of Plaintiff with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for Defendant.

*/s/ Barbara E. Lichman*
Barbara E. Lichman

Attorneys for Plaintiff Argyle Systems Inc.