IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARGYLE SYSTEMS INC., )
                 Plaintiff, ) Case No. 1:21-cv-00016-EGS
)
v. )
)
INTERNAL REVENUE SERVICE, )
                 Defendant. )

**Defendant's Reply to Plaintiff's Counter-Statement of Disputed Facts**

| | |
|---|---|
| 1. Grady Pondel Walker is a Supervisory Tax Analyst within the Accounts Management, Policy & Procedure office of the Internal Revenue Service ("IRS"). Declaration of Grady Pondel Walker ("Walker Decl.") ¶ 2. | Undisputed. |
| 2. Walker's responsibilities as a Supervisory Tax Analyst, among other things, include supervising the operations of the Accounts Management team responsible for determining the procedures for processing Forms 8655 (Reporting Agent Authorization) to the Reporting Agents File ("RAF") database. *Id.* ¶ 3. | Undisputed. |
| 3. As an employee of the IRS, Walker is familiar with taxpayer returns and return information and he has received training regarding the non-disclosure requirements imposed by 26 U.S.C. § 6103. *Id.* ¶ 3. | Disputed in part. Argyle objects that this purported "fact" consists of improper opinion and improper legal conclusions. *See* FED. R. EVID. 701-702. Argyle further objects that this portion of Mr. Walker's declaration lacks foundation. *See* FED. R. EVID. 104, 602, 701-703. |
| 4. Due to the nature of his supervisory duties, Walker is familiar with Form 8655 and the RAF database, including the type of information included in the database, how such information can be accessed, and what types of information and/or reports can be produced from the database. *Id.* ¶ 4. | Undisputed. |

| | |
|---|---|
| 5. The RAF database is a database that contains Reporting Agent ("RA") records and taxpayer records. *Id.* ¶ 5. | Disputed in part. Argyle admits that the RAF file contains Reporting Agent Records.<br><br>Argyle objects that Mr. Walker's use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |
| 6. The RAF database can be searched by RA Employer Identification Number ("EIN") to determine whether a Reporting Agent is in the RAF database. *Id.* | Undisputed. |
| 7. The RAF database can also be searched by taxpayer EIN to determine: (i) RAs authorized by the taxpayer; (ii) sequence number of the RAF record; (iii) applicable tax forms and/or payments authorized by the taxpayer; (iv) the beginning period for each tax form and/or payment authorized; and (v) any authorization for the RAs to receive notices. *Id.* | Disputed in part. Argyle objects that Mr. Walker's use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |
| 8. Argyle Systems, Inc. ("Argyle") sent a FOIA request to the IRS dated October 9, 2020 seeking documents related to RAs, and that request sought nine (9) items, all generated between January 2020 to October 9, 2020:<br>1) Reporting Agent Authorization forms, IRS Form 8655, and submitted to IRS.<br>2) Reporting Agent's Lists ("RAL"), as described in Internal Revenue Manual ("IRM") Part 21, Section 21.3.9.3.1.<br>3) RAF09401—RAF Snapshot Reports.<br>4) RAF 41 listings, reports, and output files, as described in IRM Part 21, Section 21.3.9.10.3.<br>5) RAFREPT AGTFIL01—Agent File(s), as described in IRM Part 21, Section 21.3.9.10.3.<br>6) RAFREPT AGTRPT01—Agent File Report(s), as described in IRM Part 21, Section 21.3.9.10.3. | Disputed in part. Argyle admits the existence of its FOIA Request dated October 9, 2020 ("FOIA Request"), and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint for Declaratory and Injunctive Relief ("Complaint") as Exhibit 6.<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. Argyle specifically disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that Mr. Walker's characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401. |

BN 46153999v1

| | |
|---|---|
| 7)    Any and all RAF 26 output files, as described in IRM Part 21, Section 21.3.9.10.4.<br>8)    Any and all RAF 70 listings, report, and output files, as described in IRM Part 21, Section 21.3.9.10.5.<br>9)    Any and all RAF08 output files and reports, as described in IRM Part 21, Section 21.3.9.10.6.<br>*Id.* ¶ 6; Complaint, Docket No. 1, ¶ 14. | |
| 9. The records sought in Argyle's FOIA request are almost exclusively found in the RAF database or generated by the RAF database. Walker Decl. ¶ 7. | Undisputed. |
| 10. Some of the documents may also be found in paper form (such as the Forms 8655). *Id.* | Undisputed, except that Argyle objects that this proffered fact is irrelevant. *See* FED. R. EVID. 401. |
| 11. Any paper documents are temporarily stored at an IRS office located at the Ogden, Utah Service Center until they are transferred to the appropriate Federal Records Center. *Id.* | Undisputed, except that Argyle objects that this proffered fact is irrelevant. *See* FED. R. EVID. 401. |
| 12. The only item of Argyle's nine-item (each, an "Item") FOIA request that did not seek records that were exempt from disclosure was Item 3 of the request. Declaration of Elizabeth Erickson ("Erickson Decl.") ¶ 9. | Disputed. Argyle objects that this proffered "fact" consists entirely of improper opinion and improper legal conclusion. *See* FED. R. EVID. 701-702. Argyle further objects that Ms. Erickson's impression that a particular document is exempt from disclosure is irrelevant, *see.* FED. R. EVID. 401, and is argumentative, *see* FED. R. EVID. 403, 611. |
| 13. Item 3 of Argyle's FOIA request seeks RAF snapshot reports. Walker Decl. ¶ 6; Compl. ¶ 14. RAF snapshots are reports generated by the RAF database. Erickson Decl. ¶ 9 n.1. | Disputed in part. Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6.<br><br>Argyle disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that IRS' characterization and paraphrasing of the |

| | |
|---|---|
| | FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401.<br><br>Argyle does not dispute that "RAF snapshots are reports generated by the RAF database."<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 14. The RAF snapshot reports do not contain returns or return information. Erickson Decl. ¶ 9 n.1. Instead, the snapshot reports solely contain statistical information such as the number of taxpayers who have designated an RA during a specific time frame. *Id*. | Undisputed. |
| 15. The IRS generated the snapshot reports from the RAF database during the relevant time period and released the reports to Argyle in full. *Id*. | Undisputed. |
| 16. Item 1 of Argyle's FOIA request seeks Forms 8655 submitted to the Service. Walker Decl. ¶ 6; Compl. ¶ 14. Form 8655 is used by taxpayers to designate an RA to take certain actions on their behalf with respect to their potential or actual tax payments, deposits, and/or liabilities. Walker Decl. ¶ 8; Erickson Decl. ¶ 11. | Disputed in part. Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6.<br><br>Argyle disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that IRS' characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401.<br><br>Argyle admits the existence of Form 8655, and all matters appearing on the face thereof. Argyle further admits that Exhibit A to Mr. Walker's declaration (Dkt. 16-6) is a true and accurate copy of a blank form 8655. Argyle disputes IRS' characterization and |

| | |
|---|---|
| | paraphrasing of Form 8655 as improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and as irrelevant, *see* FED. R. EVID. 401. The document speaks for itself. *See* FED. R. EVID. 1003.<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 17. A Reporting Agent is defined by Revenue Procedure 2012-32 to be an accounting service, franchiser, bank, service bureau, or other entity authorized to perform certain acts on behalf of a taxpayer as provided in the revenue procedure. Walker Decl. ¶ 8. | Disputed in part. Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. Argyle further objects that this proffered "fact" consists of improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401. |
| 18. The completed Form 8655 will solely contain taxpayer identifying information about the taxpayer filing the form (the taxpayer's name, EIN, address, and telephone number), information identifying the taxpayer's designated RA (the RA's name, EIN, address, and telephone number), which types of tax returns the RA is authorized to sign and file (and make deposits and payments) on behalf of the taxpayer, and whether or not the RA is authorized to receive taxpayer information regarding Forms Series W-2, 1099, and/or 3921/3922. *Id.* ¶ 8; Erickson Decl. ¶ 11. | Disputed in part. Argyle admits the existence of Form 8655, and all matters appearing on the face thereof. Argyle further admits that Exhibit A to Mr. Walker's declaration (Dkt. 16-6) is a true and accurate copy of a blank form 8655.<br><br>Argyle objects that the proffered "fact" consists of improper legal conclusions and improper opinions. *See* FED. R. EVID. 701-702 Specifically, Ms. Erickson's use of the terms "taxpayer," "taxpayer information," and "taxpayer identifying information" consist of improper opinion and improper legal conclusion. *See* FED. R. EVID. 701-702. Argyle further objects that Ms. Erickson's impression that either RAF2601, RAF2641, or Form 8655 contain return information or taxpayer identifying information is irrelevant. *See.* FED. R. EVID. 401.<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 19. The Form 8655 is signed by the taxpayer, and includes the taxpayer's title and | Disputed in part. Argyle objects that the use of the term "taxpayer" consists of an improper |

| | |
|---|---|
| date signed. Walker Decl. ¶ 8; Erickson Decl. ¶ 11. | opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |
| 20. Forms 8655 can be sent to the IRS via mail, or by fax. Walker Decl. ¶ 8; Erickson Decl. ¶ 11. | Undisputed. |
| 21. The contents of the Forms 8655 are input into the RAF database. Walker Decl. ¶ 8. | Undisputed. |
| 22. As of October 1, 2020, the RAF database contained active authorization records for approximately 4.3 million taxpayers in addition to inactive authorization records for approximately 2.5 million taxpayers. *Id.* ¶ 8. | Disputed in part. Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |
| 23. A blank copy of the Form 8655 is filed as Exhibit A. *Id.* ¶ 8. | Undisputed. |
| 24. Item 2 of Argyle's FOIA request seeks Reporting Agent's Lists ("RAL"). Walker Decl. ¶ 6; Compl. ¶ 14. An RAL is submitted by an RA and identifies taxpayers for whom an RA will perform authorized services. Walker Decl. ¶ 9; Erickson Decl. ¶ 11. | Disputed in part. Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6.<br><br>Argyle disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that IRS' characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401.<br><br>Argyle does not dispute that "An RAL is submitted by an RA and identifies taxpayers for whom an RA will perform authorized services," except that Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |

|  | Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
|---|---|
| 25. An RAL typically contains or is accompanied by the Forms 8655 of a Reporting Agent. Walker Decl. ¶ 9; Erickson Decl. ¶ 11. | Undisputed. |
| 26. An RAL will typically contain the following information – the name and address of the RA, the RA's EIN, list type (additions or deletions), name and phone number of the RA's contact person, client account number (optional), and names and EINs of taxpayers. Walker Decl. ¶ 9; Erickson Decl. ¶ 11. | Disputed in part. Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |
| 27. RALs can be sent to the IRS via mail, by fax, or electronically. The contents of the RALs are input into the RAF database. Walker Decl. ¶ 9. | Undisputed. |
| 28. Item 4 of Argyle's FOIA request seeks RAF41 Listings, Reports, and Output Files. Walker Decl. ¶ 6; Compl. ¶ 14. RAF41 Listings, Reports, and Output Files are lists of taxpayer EINs associated with particular RAs. Walker Decl. ¶ 10; Erickson Decl. ¶ 11. | Disputed in part. Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6.<br><br>Argyle disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that IRS' characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401.<br><br>Argyle does not dispute that "RAF41 Listings, Reports, and Output Files are lists of taxpayer EINs associated with particular RAs," except that Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |

| | Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
|---|---|
| 29. RAF41 Listings, Reports, and Output Files are generated upon demand when requested by Reporting Agents or by IRS revenue agents in connection with performing examination activities. Walker Decl. ¶ 10. | Undisputed. |
| 30. There is no way for the IRS to determine whether a RAF41 was generated at an RA's request or in connection with IRS examination activities. *Id.* ¶ 10. | Disputed.<br><br>RAF 41 output information is sent to the Reporting Agent to aid them in database matching and reconciliation. Complaint Ex. 5 at 32; Shimell Decl. ¶ 3, Ex. 1 at 32.<br><br>Argyle further objects that the reason a particular RAF41 report was generated is irrelevant. *See* FED. R. EVID. 401. |
| 31. Item 5 of Argyle's FOIA request seeks RAFREPT AGTFIL01 (Agent Files) and Item 6 of Argyle's FOIA request seeks RAFREPT AGTRPT01 (Agent File Reports). Walker Decl. ¶ 6; Compl. ¶ 14. RAFREPT AGTFIL01 (Agent Files) and RAFREPT AGTRPT01 (Agent File Reports) are temporary files used to create the RAF41 report lists, and they contain the same data as the RAF41 lists (taxpayer EINs). Walker Decl. ¶ 11; Erickson Decl. ¶ 11. | Disputed in part. Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6.<br><br>Argyle disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that IRS' characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401.<br><br>Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |
| 32. Like the RAF41 lists, there is no way for the IRS to determine whether an Agent File or Agent File Report was generated at an RA's request or in connection with IRS examination activities. Walker Decl. ¶ 11. | Disputed.<br><br>RAF 41 output information is sent to the Reporting Agent to aid them in database |

| | |
|---|---|
| | matching and reconciliation. Complaint Ex. 5 at 32; Shimell Decl. ¶ 3, Ex. 1 at 32.<br><br>Argyle further objects that the reason a particular RAF41 report was generated is irrelevant. *See* FED. R. EVID. 401. |
| 33. Item 7 of Argyle's FOIA request seeks any and all RAF26 output files. Walker Decl. ¶ 6; Compl. ¶ 14. RAF26 is a program run used to add (or delete) taxpayer/client information (including taxpayer EINs) to the RAF database, and there are two RAF26 Output Files – RAF2601 and RAF2641. Walker Decl. ¶ 12. | Disputed in part. Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6.<br><br>Argyle disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that IRS' characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401.<br><br>Argyle does not dispute that "RAF26 is a program run used to add (or delete) taxpayer/client information (including taxpayer EINs) to the RAF database, and there are two RAF26 Output Files – RAF2601 and RAF2641," except that Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702.<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 34. RAF2601 and RAF2641 are internal processing reports documenting the status of the program run and solely contains return information, including taxpayer identifying information, found on Form 8655. *Id.* ¶ 12; Erickson Decl. ¶ 11. | Disputed in part. Argyle does not dispute that "RAF2601 and RAF2641 are internal processing reports documenting the status of the program run." Argyle does not dispute that RAF2601 and RAF2641 solely contain information found on form 8655. |

Page 9 of 20

| | |
|---|---|
| | Argyle admits the existence of Form 8655, and all matters appearing on the face thereof. Argyle further admits that Exhibit A to Mr. Walker's declaration (Dkt. 16-6) is a true and accurate copy of a blank form 8655.<br><br>Argyle objects that Ms. Erickson's use of the terms "return information" and "taxpayer identifying information" consist of improper opinion and improper legal conclusion. *See* FED. R. EVID. 701-702. Argyle further objects that Ms. Erickson's impression that either RAF2601, RAF2641, or Form 8655 contain return information or taxpayer identifying information is irrelevant. *See.* FED. R. EVID. 401.<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 35. Item 8 of Argyle's FOIA request seeks any and all RAF70 listings, reports, and output files. Walker Decl. ¶ 6; Compl. ¶ 14. RAF70 is a program run every time RAF26 is run, which produces listings and reports of the additions or deletions of taxpayer/client information to the RAF database. Walker Decl. ¶ 13. | Disputed in part. Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof. Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6.<br><br>Argyle disputes IRS' characterization and paraphrasing of the FOIA Request. The document speaks for itself. *See* FED. R. EVID. 1003. Argyle objects that IRS' characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401.<br><br>Argyle does not dispute that "RAF70 is a program run every time RAF26 is run, which produces listings and reports of the additions or deletions of taxpayer/client information to the RAF database," except that Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion. *See* FED. R. EVID. 701-702. |

| | |
|---|---|
| | Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 36. The contents of RAF70 reports contain return information, including taxpayer identifying information, found on Form 8655, including EINs. *Id.* ¶ 13; Erickson Decl. ¶ 11. | Disputed in part.  Argyle does not dispute that RAF 70 reports contain information found on form 8655. <br><br> Argyle admits the existence of Form 8655, and all matters appearing on the face thereof.  Argyle further admits that Exhibit A to Mr. Walker's declaration (Dkt. 16-6) is a true and accurate copy of a blank form 8655. <br><br> Argyle objects that Ms. Erickson's use of the terms "return information" and "taxpayer identifying information" consist of improper opinion and improper legal conclusion.  *See* FED. R. EVID. 701-702.  Argyle further objects that Ms. Erickson's impression that either the RAF70 or Form 8655 contain return information or taxpayer identifying information is irrelevant.  *See.* FED. R. EVID. 401. <br><br> Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 37. Item 9 of Argyle's FOIA request seeks any and all RAF08 output files and reports. Walker Decl. ¶ 6; Compl. ¶ 14. The RAF08 program is run daily and creates a report for each RA whose clients (taxpayers) have revoked the RA's authorization. *Id.* ¶ 14. | Disputed in part.  Argyle admits the existence of its FOIA Request, and all matters appearing on the face thereof.  Argyle further admits that a true and accurate copy of its FOIA Request is attached to Argyle's Complaint as Exhibit 6. <br><br> Argyle disputes IRS' characterization and paraphrasing of the FOIA Request.  The document speaks for itself.  *See* FED. R. EVID. 1003.  Argyle objects that IRS' characterization and paraphrasing of the FOIA Request is improper secondary evidence of a writing, *see* FED. R. EVID. 1007, and is irrelevant, *see* FED. R. EVID. 401. |

| | |
|---|---|
| | Argyle does not dispute that the RAF08 program is run daily and creates a report for each RA whose clients have revoked the RA's authorization.<br><br>Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion.  *See* FED. R. EVID. 701-702.<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 38. The contents of RAF08 reports contain both RA information and return information of the RA's clients, including taxpayer identifying information. *Id.* ¶ 14; Erickson Decl. ¶ 11. | Disputed in part.  Argyle does not dispute that RAF08 reports contain both RA information and information of the RA's clients.<br><br>Argyle objects that Ms. Erickson's use of the terms "return information" and "taxpayer identifying information" consist of improper opinion and improper legal conclusion.  *See* FED. R. EVID. 701-702.  Argyle further objects that Ms. Erickson's impression that either the RAF70 or Form 8655 contain return information or taxpayer identifying information is irrelevant.  *See.* FED. R. EVID. 401.<br><br>Except as expressly admitted, Argyle denies the matter stated herein and contends that such additional factual matter is disputed. |
| 39. Items 4 through 9 of Argyle's FOIA request seeks reports that can be generated by the RAF database and those RAF database reports are derived from the information reported to the IRS on Forms 8655 and RALs which assist with taxpayers' compliance with certain tax reporting and payments. Walker Decl. ¶ 15. | Disputed in part.  Argyle admits that "Items 4 through 9 of Argyle's FOIA request seeks reports that can be generated by the RAF database and those RAF database reports are derived from the information reported to the IRS on Forms 8655 and RALs."<br><br>Argyle objects that the use of the term "taxpayer" consists of an improper opinion and an improper legal conclusion.  *See* FED. R. EVID. 701-702. |

| | |
|---|---|
| 40. The reports subject to Items 4 through 9 of Argyle's FOIA request both contain taxpayer identifying information and are derived from the information submitted to the IRS. *Id.* ¶ 15. | Disputed in part.  Argyle admits that the reports requested in Items 4 through 9 of its FOIA request are derived from information submitted to the IRS.<br><br>Argyle admits the existence of Form 8655, and all matters appearing on the face thereof.  Argyle further admits that Exhibit A to Mr. Walker's declaration (Dkt. 16-6) is a true and accurate copy of a blank form 8655.<br><br>Argyle objects that the use of the term "taxpayer identifying information" consists of an improper opinion and an improper legal conclusion.  *See* FED. R. EVID. 701-702. |
| 41. The information requested in Items 1, 2, and 4-9 of Argyle's FOIA request are either return information or reports that are so intermingled with return information that it cannot be reasonably segregated. *Id.* ¶ 15. | Disputed.<br><br>Argyle objects that the use of the term "return information" consists of an improper opinion and an improper legal conclusion.  *See* FED. R. EVID. 701-702.  Argyle further objects that Ms. Erickson's impression that the requested records contain return information is irrelevant.  *See.* FED. R. EVID. 401.<br><br>Further, as to Item 2, IRS admits that an "RAL *typically* contains or is accompanied by the Forms 8655 of a Reporting Agent."  UMF 25 (emphasis added).  IRS' use of the word "typically" admits that RALs are not always accompanied by Form 8655.  Thus, even if Form 8655 consisted of a "return" or contained "return information" – which it does not – then those RALs that do not contain and are not accompanied by the Forms 8655 of a Reporting Agent are segregated from such Forms 8655 and must be disclosed.  Further, IRS states no facts to support its contention that those RALs that are merely accompanied by Form 8655 cannot be reasonably segregated from such Forms 8655. |

| | |
|---|---|
| 42. Elizabeth Erickson is an attorney in Branch 7 of the Office of the Associate Chief Counsel (Procedure and Administration) ("P&A"), of the Internal Revenue Service ("IRS") Office of Chief Counsel ("Chief Counsel"). Erickson Decl. ¶ 2. | Undisputed, except that Argyle objects that this proffered fact is irrelevant, *see* FED. R. EVID. 401. |
| 43. P&A Branch 7 provides subject matter experts for disclosure and privilege matters arising in the context of Freedom of Information Act ("FOIA") (5 U.S.C. § 552) requests and litigation. *Id.* ¶ 3. | Disputed.  Argyle objects that this proffered fact consists of improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702, and is irrelevant, *see* FED. R. EVID. 401. |
| 44. The duties of P&A Branch 7 include advising the IRS on legal matters involving FOIA and assisting the Department of Justice ("DOJ") in defending the IRS in litigation under FOIA. *Id.* ¶ 3. | Disputed.  Argyle objects that this proffered fact is irrelevant.  *See* FED. R. EVID. 401. |
| 45. These duties require knowledge of the types of records created and maintained by the various divisions and functions of the IRS and Chief Counsel, and an understanding of the provisions of FOIA which exempt certain types of records from disclosure in response to a FOIA request. *Id.* ¶ 3. | Disputed.  Argyle objects that this proffered fact consists of improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702, and is irrelevant, *see* FED. R. EVID. 401. |
| 46. Erickson has personally reviewed the 9 requests for records in Argyle's October 14, 2020 FOIA request. *Id.* ¶ 5. | Disputed.  Argyle objects that this proffered fact is irrelevant.  *See* FED. R. EVID. 401. |
| 47. The Internal Revenue Manual indicates that the Reporting Agents File ("RAF") is owned and maintained by the IRS's Wage and Investment Division ("W&I") and, because the requests involve the RAF, the W&I division was the reasonable branch to reach out to regarding the search for records. *Id.* ¶ 6. | Disputed.  Internal Revenue Manual 21.3.9 Processing Reporting Agents File Authorization states that "The primary users of this IRM are Small Business/Self-Employed (SB/SE) and Wage and Investment (W&I) Customer Account Services employees."  *See* Complaint Ex. 5; Shimell Decl. ¶ 3, Ex. 1.  Argyle objects that this proffered fact is irrelevant.  *See* FED. R. EVID. 401. |
| 48. Erickson spoke with Grady Pondel Walker, along with other members of the Accounts Management team responsible for | Disputed.  Argyle objects that this proffered fact is of hearsay without exception.  FED. R. EVID. 801-803.  Lacks foundation.  *See* FED. |

| | |
|---|---|
| determining the procedures for processing Forms 8655 to the RAF database. During this conversation, she discussed the type of information included in the RAF database, and how such information can be accessed. *Id.* ¶ 8. | R. EVID. 104, 602, 701-703.  Irrelevant.  *See* FED. R. EVID. 401. |
| 49. Erickson is familiar with the segregation requirement of 5 U.S.C. § 552(b) for any nonexempt information contained in responsive agency records. *Id.* ¶ 16. | Undisputed, except that Argyle objects that this proffered fact contains improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702, and is irrelevant, *see* FED. R. EVID. 401. |
| 50. After speaking with Mr. Walker and the other members of the Accounts Management team, and after conferring with her supervisor, Erickson concluded that with the exception of Request 3 (RAF09401 - RAF Snapshot Reports), the remainder of the requests for records in Argyle's October 14, 2020 FOIA request are exempt from disclosure under Exemption 3 and that the withheld records in this case are so inextricably intertwined with nonexempt material as to be non-segregable. *Id.* ¶¶ 9, 16. | Disputed.  Argyle objects that this proffered fact is of hearsay without exception.  FED. R. EVID. 801-803.  Argyle objects that this proffered fact contains improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702, and is irrelevant, *see* FED. R. EVID. 401.  Argyle further objects that this proffered fact lacks foundation.  *See* FED. R. EVID. 104, 602, 701-703. |
| 51. None of the provisions of the Internal Revenue Code authorizes the release of this third third-party return information to Plaintiff. *Id.* ¶¶ 11-12. | Disputed.  Argyle objects that this proffered fact contains improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702.  Argyle further objects that Ms. Erickson's impressions as to what the Internal Revenue Code does or does not authorize are irrelevant, *see* FED. R. EVID. 401.  Argyle further objects that this proffered fact lacks foundation.  *See* FED. R. EVID. 104, 602, 701-703. |
| 52. The IRS is withholding the materials from Argyle's October 14, 2020 FOIA Request, Items 1-2, 4-9 pursuant to Exemption 3 in conjunction with I.R.C. § 6103(a). *Id.* ¶¶ 11-12. | Disputed in part.  Argyle admits that IRS has stated, as part of this litigation, that IRS is withholding the requested records responsive to Argyle's FOIA Request under the auspices of FOIA Exemption 3 and 26 U.S.C. § 6103(a). |
| 53. Since the records are categorically exempt pursuant to Exemption 3 in | Disputed.  Argyle objects that this proffered fact contains improper opinion and improper |

| | |
|---|---|
| conjunction with I.R.C. § 6103(a), there was no need to further search and collect the exempt documents. *Id.* ¶ 13. | legal conclusion, *see* FED. R. EVID. 701-702. Argyle further objects that Ms. Erickson's impressions as to what FOIA and the Internal Revenue Code do or do not authorize are irrelevant, *see* FED. R. EVID. 401. Argyle further objects that this proffered fact lacks foundation. *See* FED. R. EVID. 104, 602, 701-703. |
| 54. Portions of the requests for records in Argyle's October 14, 2020 FOIA request (again, with the exception of RAF09401 - RAF Snapshot Reports) are also exempt from disclosure and are being withheld under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because they contain sensitive information about individuals other than Plaintiff, including RA information and other personal information of third parties which would constitute an unwarranted invasion of personal privacy. *Id.* ¶ 14. | Disputed. Argyle objects that this proffered fact contains improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702. Argyle further objects that Ms. Erickson's impressions as to what FOIA and the Internal Revenue Code do or do not authorize are irrelevant, *see* FED. R. EVID. 401. Argyle further objects that this proffered fact lacks foundation. *See* FED. R. EVID. 104, 602, 701-703. |
| 55. The records at issue here contain private information about individuals other than Argyle, including RA information and other personal information of third parties (such as EINs, addresses, and telephone numbers) which would constitute an unwarranted invasion of personal privacy. *Id*. | Disputed. Argyle objects that this proffered fact contains improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702. Argyle further objects that Ms. Erickson's impressions as to what FOIA and the Internal Revenue Code do or do not authorize are irrelevant, *see* FED. R. EVID. 401. Argyle further objects that this proffered fact lacks foundation. *See* FED. R. EVID. 104, 602, 701-703. |
| 56. That information is of little, or no, interest to the general public in that it does not shed light on how the government operates. As such, it is subject to withholding under Exemption 6. *Id.* ¶ 15. | Disputed. Argyle objects that this proffered fact contains improper opinion and improper legal conclusion, *see* FED. R. EVID. 701-702. Argyle further objects that Ms. Erickson's impressions as to what FOIA and the Internal Revenue Code do or do not authorize are irrelevant, *see* FED. R. EVID. 401. Argyle further objects that this proffered fact lacks foundation. *See* FED. R. EVID. 104, 602, 701-703. Argyle objects that this proffered fact is of hearsay without exception. FED. R. EVID. 801-803. |

BN 46153999v1

| | |
|---|---|
| 57. On or about April 2, 2021, Chief Counsel determined that the non-exempt, responsive material (the RAF09401 - RAF Snapshot Reports) would be released to Argyle. *Id.* ¶ 17. | Disputed in part. Argyle objects that this proffered fact is hearsay without exception, FED. R. EVID. 801-803, lacks foundation, *see* FED. R. EVID. 104, 602, 701-703, and is irrelevant, *see* FED. R. EVID. 401. |
| 58. On or about April 2, 2021, the RAF09401—RAF Snapshot Reports for the relevant time period were provided to DOJ for release to Plaintiff. *Id.* ¶ 18. | Undisputed, except that Argyle objects that this proffered fact is hearsay without exception, FED. R. EVID. 801-803, lacks foundation, *see* FED. R. EVID. 104, 602, 701-703, and is irrelevant, *see* FED. R. EVID. 401. |
| 59. Erickson was informed that the DOJ, in the course of this litigation, released to Argyle all RAF09401—RAF Snapshot Reports for the relevant time period in their entirety. This material consists of 18 pages and bears control numbers ARGYLE_0001 through ARGYLE_0018. *Id.* ¶ 18. | Disputed in part. Argyle admits that 18 pages of documents and bearing control numbers ARGYLE_0001 through ARGYLE_0018 were released to Argyle during this litigation, and that these records appear to consist of RAF09401—RAF Snapshot Reports for the relevant time period.<br><br>Argyle objects that this proffered fact is hearsay without exception. FED. R. EVID. 801-803. Argyle further objects that this proffered fact lacks foundation. *See* FED. R. EVID. 104, 602, 701-703. |
| **ADDITIONAL FACTS IDENTIFIED BY ARGYLE** ||
| 60. Denied. The purpose of the Form 8655 is to allow a reporting agent to "sign and file certain returns" on behalf of a taxpayer. The form includes specific authorizations that allow the reporting agent to file a certain type of tax return on behalf of the taxpayer under the "Authorization of Reporting Agent to Sign and File Returns" section (Page 1, Line 16). The designation of a reporting agent to sign certain tax returns on behalf of a taxpayer reflects the nature of the tax. For example, by checking the box next to "940", the reporting agent would be responsible for reporting the taxpayer's annual federal unemployment (FUTA) tax return, which is also known as IRS Form 940. Walker Decl. Ex. A at 1-2 (Dkt. 16-6). | Form 8655 does not call for the nature, source, or amount of the filer's income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing. Walker Decl. Ex. A (Dkt. 16-6). |

BN 46153999v1

| | |
|---|---|
| 61. Denied. The purpose of the Form 8655 is to allow a reporting agent to "sign and file certain returns" on behalf of a taxpayer. The designation of a reporting agent to sign tax returns on behalf of a taxpayer reflects the existence, or possible existence, of liability for any tax for the respective taxpayer. Walker Decl. Ex. A at 2 (Dkt. 16-6). | Form 8655 does not reflect the existence, or possible existence, of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense. Walker Decl. Ex. A (Dkt. 16-6). |
| 62. None of these statements in this paragraph create a material issue of fact with respect to any issues in this FOIA case and is irrelevant. Subject to this objection, the IRS does not dispute the fact for the purposes of summary judgment because it is irrelevant. | The standard Form 8655 need not be used, as the use of a "substitute Form 8655" is expressly authorized in Form 8655's Instructions. Walker Decl. Ex. A (Dkt. 16-6), at 2.) |
| 63. None of these statements in this paragraph create a material issue of fact with respect to any issues in this FOIA case and is irrelevant. Subject to this objection, the IRS does not dispute the fact for the purposes of summary judgment because it is irrelevant. | IRS' website contains two publications that relate to information returns. One is titled *A Guide to Information Returns*, and is available at https://www.irs.gov/businesses/small-businesses-self-employed/a-guide-to-information-returns Shimell Decl. ¶ 4, Ex. 2. The other is *Information Returns*, IRS, https://www.irs.gov/government-entities/federal-state-local-governments/information-returns. Shimell Decl. ¶ 5, Ex. 3. |
| 64. None of these statements in this paragraph create a material issue of fact with respect to any issues in this FOIA case and is irrelevant. Subject to this objection, the IRS does not dispute the fact for the purposes of summary judgment because it is irrelevant. | Form 8655 is not identified as an information return in IRS' publication titled *A Guide to Information Returns*. Shimell Decl. ¶ 4, Ex. 2. |
| 65. None of these statements in this paragraph create a material issue of fact with respect to any issues in this FOIA case and is irrelevant. Subject to this objection, the IRS does not dispute the fact for the purposes of summary judgment because it is irrelevant. | Form 8655 is not identified as an information return in IRS' publication titled *Information Returns*. Shimell Decl. ¶ 5, Ex. 3. |

Dated: August 10, 2021            Respectfully Submitted:

DAVID A. HUBBERT
ACTING ASSISTANT ATTORNEY GENERAL

*/s/ Stephanie A. Sasarak*
STEPHANIE A. SASARAK
ALEXANDER R. KALYNIUK
Trial Attorneys
United States Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3309 (p)
(202) 514-6866 (f)
Stephanie.A.Sasarak@usdoj.gov (e)
Alexander.R.Kalyniuk@usdoj.gov (e)
*Counsel to Defendant Internal Revenue Service*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2021, I electronically filed the foregoing Defendant's Reply to Plaintiff's Counter-Statement of Disputed Facts with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiff.

*/s/ Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Trial Attorney
United States Department of Justice