IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARGYLE SYSTEMS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, )<br>)<br>Defendant. )<br>_____) | Case No. 1:21-cv-00016-EGS |

**Plaintiff Argyle Systems, Inc.'s Reply in Support of Cross-Motion for Summary Judgment**

## INTRODUCTION

IRS begins its combined Reply and Opposition to Plaintiff Argyle Systems, Inc.'s ("Argyle") Cross-Motion for Summary Judgment ("Reply & Opp.") with the contention that Argyle is not entitled to the requested records because its FOIA Request "does not shed light [sic] what the government is up to," but instead "seeks to know what the American taxpayer and their representatives are up to." In support of this theme – which permeates its entire Reply and Opposition – IRS quotes only the following sentence fragment from *National Archives & Records Administration v. Favish*, 541 U.S. 157, 171 (2004): "[FOIA] is '<u>a means for citizens to know what their Government is up to.</u>'" (Reply & Opp. at 1). IRS omits the following language, which appears two sentences later in the same opinion:

> "The statement confirms that, as a general rule, when documents are within FOIA's disclosure provisions, <u>citizens should not be required to explain why they seek the information</u>. A person requesting the information needs no preconceived idea of the uses the data might serve. <u>The information belongs to citizens to do with as they choose</u>. Furthermore, as we have noted, <u>the disclosure does not depend on the identity of the requester</u>. As a general rule, if the information is subject to disclosure, it belongs to all."

Page 1 of 13

*Favish*, 541 U.S. at 172 (emphasis added).

*Favish* does not support IRS' position – it undermines IRS by recognizing the strong public policy favoring disclosure.  *Id.*; *see, e.g.*, *Dept. of Air Force v. Rose*, 425 U.S. 352, 360-61 (noting FOIA's revision to "§ 3, the public disclosure section, of the Administrative Procedure Act" is a "basic purpose [reflecting] 'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language"); *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 754-55 (1989) (quoting *Rose*, 425 U.S. at 360-61).  "FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"  *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. at 755.  IRS cannot shift the burden to the requesting party to prove that it has a "good reason" for requesting the documents.  Such a requirement would turn FOIA on its head.

IRS' reliance on *Favish* betrays IRS' pattern of misdirection that permeates the remainder of its brief.  Argyle respectfully urges this Court not to take the bait.  For the reasons set forth herein, Argyle respectfully requests that this Court deny IRS' Motion for Summary Judgment and grant Argyle's Cross-Motion.

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 6

    I.    The FOIA Improvement Act Does Not Relieve IRS of its Duty to Perform a Foreseeable Harm Analysis ........................................................................................ 6

    II.   Exemption 3 Does Not Apply to the Requested Records ........................................ 8

    III.  Exemption 6 Does Not Apply to the Requested Records ...................................... 11

CONCLUSION ............................................................................................................................... 12

CERTIFICATE OF SERVICE ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Church of Scientology v. IRS*
    484 U.S. 9 (1987)......................................................................................................6, 9

*Dept. of Air Force v. Rose*,
    425 U.S. 352 .................................................................................................................2

*Landmark Legal Found. v. IRS*,
    267 F.3d 1132 (D.C. Cir. 2001)........................................................................9, 10, 11

*Nat'l Ass'n of Home Builders v. Norton*,
    309 F.3d 26 (D.C. Cir. 2002)......................................................................................12

*National Archives & Records Administration v. Favish*,
    541 U.S. 157 (2004).................................................................................................1, 2

*Reporters Comm. for Freedom of the Press v. FBI*,
    3 F.4th 350 (D.C. Cir. 2021)........................................................................................7

*Rice v. United States*,
    166 F.3d 1088 (10th Cir. 1999) .................................................................................11

*Rosenburg v. U.S. Dep't of Def.*,
    342 Fl. Supp. 3d 62 (D.D.C. 2018) .............................................................................7

*Thomas v. United States*,
    890 F.2d 18 (7th Cir. 1989) .......................................................................................11

*U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*,
    489 U.S. 749 (1989).............................................................................................2, 12

*In re United States v. NorCal Tea Party Patriots*,
    817 F.3d 953 (6th Cir. 2016) ................................................................................10, 11

*Valencia-Lucena v. U.S. Coast Guard*,
    180 F.3d 321 (D.C. Cir. 1999)....................................................................................6

**Statutes**

5 U.S.C. § 552(a)(8)(A)......................................................................................................7

5 U.S.C. § 552(a)(8)(A)(i) .................................................................................................7

5 U.S.C. § 552(a)(8)(A)(i)(I) ...................................................................................................7

5 U.S.C. § 552(a)(8)(B) ..........................................................................................................6

26 U.S.C. § 6103(b)(2) .......................................................................................................8, 11

26 U.S.C. § 6103(b)(2)(A) ...........................................................................................9, 10, 11

26 U.S.C. § 6103(b)(6) ....................................................................................................10, 11

**ARGUMENT**

At the outset, IRS attempts to "get out of jail free" by claiming that it is entitled to sit on its hands and not respond to Argyle's FOIA Request because it is "unduly burdensome and overly broad. . . ." Reply & Opp. at 4.  To the contrary, the FOIA request identifies discrete responsive documents.  The fact that IRS knows exactly how many of these records are in its possession ("approximately 4.3 million") at this early stage in the litigation belies its claim that a search for such records would be "unduly burdensome."  Plainly, it has already performed such a search and is perfectly capable of producing those identified records.  *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999) ("It is well-settled that if an agency has reason to know that certain places may contain responsive documents, it is obligated under FOIA **to search** barring an undue burden.").  Further, *Church of Scientology v. IRS* 484 U.S. 9 (1987), upon which IRS purports to rely elsewhere in its briefing, puts the lie to IRS' claim that it would have to "redact millions of pages of material" to respond to Argyle's request.

Here again, IRS tries to distract from the key issue in this action – whether the requested documents contain "return information."  They do not, as set forth herein.

**I.     The FOIA Improvement Act Does Not Relieve IRS of its Duty to Perform a Foreseeable Harm Analysis**

IRS contends that the requested records "are protected from disclosure under. . . FOIA exemption 3 and are therefore not subject to the 'foreseeable harm' analysis as a matter of law." Reply & Opp. at 5.  IRS relies primarily on subdivision (a)(8)(B) to support this proposition.  *Id.* IRS' pronouncement is dubious given the plain text of the statute, which provides that "[n]othing in this paragraph <u>requires</u> disclosure of information that is otherwise prohibited from disclosure by law, or otherwise exempted from disclosure under subsection (b)(3)."  5 U.S.C. § 552(a)(8)(B) (emphasis added).  While subdivision (a)(8)(B) makes it clear that production is

not required where Exemption 3 – codified at subdivision (b)(3) – applies, the statute stops short of categorically exempting such documents from an agency's obligation to perform a "foreseeable harm" analysis.  Further, *Rosenburg v. U.S. Dep't of Def.*, 342 Fl. Supp. 3d 62 (D.D.C. 2018), the sole case cited by IRS in support of its position, is inapposite.  First, *Rosenburg's* assessment of the foreseeable harm analysis is mere dictum, as in that case the requesting plaintiffs "[did] not challenge DOD's withholding of information in Record 272 pursuant to Exemption 3." *Id.* at 89.  Second, the quoted statement from *Rosenburg* relies upon a single legislative history document without regard to the text of the statute itself.  In short, no case has squarely determined that a foreseeable harm analysis is *not* required where Exemption 3 applies.  The plain language of the statute, which does not exempt such information from subdivision (a)(8)(A)(i), weighs against IRS' interpretation.

   Assuming *arguendo* that IRS is correct in its further assertion that "the 'foreseeable harm' requirement. . . only applies to discretionary FOIA exemptions and not to mandatory FOIA exemptions, i.e. exemption 3" – a claim Argyle disputes – the IRS fails to address the applicability of the foreseeable harm requirement to its claim under Exemption 6.  *See* Reply & Opp. at 16.  Exemption 6, upon which IRS purports to rely, does not encapsulate "information that is otherwise prohibited from disclosure by law," or information "otherwise exempted from disclosure under subsection (b)(3)." 5 U.S.C. § 552(a)(8)(A).  Instead, under the plain language of the statute, Exemption 6 is just another "exemption described in subsection (b)" of section 552.  5 U.S.C. § 552(a)(8)(A)(i)(I).  As such, IRS may withhold such information "only if" IRS "reasonably foresees that disclosure would harm an interest protected" by Exemption 6.  5 U.S.C. § 552(a)(8)(A)(i); *see Reporters Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 369 n.3 (D.C. Cir. 2021) (agency "cannot justify its withholding of exempt material without a more

particularized inquiry into what sort of foreseeable harm would result from the material's release."). IRS cites no authority to suggest that a foreseeable harm analysis is not required for Exemption 6. Indeed, IRS fails to make even a passing argument to that effect.

At a minimum, IRS' failure to perform a foreseeable harm analysis forecloses IRS' ability to justify withholding any of the Requested Documents pursuant to Exemption 6. IRS' position on this point is untenable, and the Cross-Motion should be granted.

## II.     Exemption 3 Does Not Apply to the Requested Records

IRS needlessly spills a great deal of ink to establish that "returns" and "return information" are "separate, statutorily-defined terms," on the pretense that Argyle's Cross-Motion "improperly collaps[es] these two distinct items of statutorily-protected information into one. . . ." Reply & Opp. at 6-11. Argyle will not belabor the point here, but notes only that the discussion in its Cross-Motion of whether the requested records consist of a "return" or "return information" was plainly *sequential*, and cannot be fairly read to conflate the two concepts, as IRS suggests. That IRS has now conceded that none of the requested records are "returns" puts at least that issue to bed, and there is no need to dwell further upon it.

IRS, however, goes a step too far by suggesting that the terms "return" and "return information" should be read in complete isolation, and that the concept of "return information" should be completely divorced from the concept of a "return." IRS makes this argument despite the fact that the term "return information" is specifically defined by statute to refer only to certain information received by IRS "with respect to a return or with respect to the determination of the existence, or possible existence, of liability. . . ." 26 U.S.C. § 6103(b)(2) (emphasis added). Rather than comply with its obligations under FOIA, IRS proposes a rule that would prevent *anyone* from *ever* obtaining any information from the IRS through FOIA if the document

has a person's or company's name on it.  This would stretch the statutory definition of "return information" beyond its breaking point.  By its plain language, section 6103(b)(2)(A) limits "return information" to information prepared or received by the IRS "with respect to a <u>return</u> or with respect to the determination of the existence, or possible existence, of <u>liability (or the amount thereof)</u>. . . ."  Neither of these conditions are present with respect to the requested records.

IRS purports to rely on two cases – *Church of Scientology*, 484 U.S. 9 (1987) and *Landmark Legal Found. v. IRS*, 267 F.3d 1132 (D.C. Cir. 2001) – in support of its position.  Those two cases are inapposite.

The IRS' recitation of *Church of Scientology* appears to be basically in line with the text of that decision.  However, IRS cites to an irrelevant portion of that opinion in order to subtly deflect the reader away from the inquiry that is at the core of this case.  IRS writes that the "Supreme Court further identified that *if* any record constituted 'return information,' it would be impossible to redact" and the record would be "protected from disclosure under section 6103."  Reply & Opp. at 8 (emphasis added).  That portion of *Church of Scientology's* holding is irrelevant to this action because Argyle is not asking IRS to <u>redact</u> a return or return information.  Rather, Argyle's position is – and always has been – that the requested records are not returns (which IRS has now conceded) and do not contain return information.  This is where IRS deflects.  IRS *assumes* the requested records contain "return information," hence its careful use of the phrase "*if* any record constituted 'return information,' it would be impossible to redact. . . ."  Neither *Church of Scientology*, nor IRS' discussion of it, addresses the question of *whether* the requested records actually contain return information.

Next, a close reading of *Landmark*, 267 F.3d 1132, reveals that it is of little help to IRS in this case. In *Landmark*, the D.C. Circuit was required to determine whether Exemption 3 applied to a request for documents "evincing requests. . . by individuals and/or entities external to the [IRS] for audits or investigations of 501(c)(3) tax-exempt organizations. *Landmark*, 267 F.3d at 1134. In answering this question in the affirmative, the Court held only that "the statutory phrase—'the existence, or possible existence, of liability'—naturally encompasses the issue of tax-exemption *vel non*." *Id.* at 1136 (quoting 26 U.S.C. § 6103(b)(2)(A). Accordingly, the Court concluded "the term 'data' [in section 6103(b)(2)(A)] is correctly understood to cover the identity of third parties who urge the IRS to withdraw or reexamine an entity's tax-exempt status." *Id.* at 1137. Thus, the *Landmark* Court determined only that the documents requested in that case were exempt because they were submitted "with respect to the determination of the existence, or possible existence, of liability. . . ." 26 U.S.C. § 6103(b)(2)(A). This holding is unavailing to IRS because, as noted in Argyle's Cross-Motion, the requested records were neither submitted "with respect to a return" *nor* "with respect to the determination of" tax liability. IRS' Reply does not establish otherwise.

IRS attempts to discard *In re United States v. NorCal Tea Party Patriots*, 817 F.3d 953 (6th Cir. 2016) [hereinafter "*In re U.S.*"] by claiming it was based on "faulty reasoning" and is contrary to *Landmark*. Reply & Opp. at 7-8. IRS not only fails to account for the actual holding of *Landmark*, discussed above, but also fails to account for the fact that – as the *In re U.S.* Court correctly identified – the *Landmark* Court:

> "*never referenced Congress's express definition of [the] term ["taxpayer identity"]* in § 6103(b)(6)—the IRS apparently failed to mention it there too—and thus the court seemed unaware throughout that "taxpayer's identity" includes only names on a *return,* not on an application."

BN 46700704v1

The Seventh's Circuit's holding in *Thomas v. United States*, 890 F.2d 18 (7th Cir. 1989) and the Tenth Circuit's holding in *Rice v. United States*, 166 F.3d 1088 (10th Cir. 1999) underscore the concept that whether a document contains "return information" must turn on the source of that information or the purpose for which it was generated or received. If the information appears in or is derived from a return – which IRS concedes is not the case here – then it may be return information. 26 U.S.C. § 6103(b)(2); *see In re U.S.*, 817 F.3d at 963-65; *Thomas*, 890 F.2d at 21; *Rice*, 166 F.3d at 1091. If, alternatively, it was generated or received with respect to the determination of liability, that information may also be return information. 26 U.S.C. § 6103(b)(2); *Landmark*, 267 F.3d at 1136. Information derived from other sources, or generated or received for other purposes, is not return information. 26 U.S.C. § 6103(b)(2); *see Thomas*, 890 F.2d at 21; *Rice*, 166 F.3d at 1091. The very definition of return information leads to this conclusion. 26 U.S.C. § 6103(b)(2).

As much as it would like to do so, IRS cannot sever the concept of "return information" from the statutory definition of a "return." The word "return" appears both in the definition of "return information," see 26 U.S.C. § 6103(b)(2)(A), and "taxpayer identity." 26 U.S.C. § 6103(b)(6). IRS' concession that the requested records, including Form 8655, are not "returns" makes the inquiry that much easier. The requested records are not submitted with respect to any "return" that "is filed," and, unlike the letters at issue in *Landmark*, have no bearing on the determination of any tax liability. Exemption 3 does not protect the requested records. They must be disclosed.

### III.   Exemption 6 Does Not Apply to the Requested Records

IRS offers nothing in its Reply and Opposition to support its position that Exemption 6 applies to the requested records. As outlined in Section I of this Reply, *supra*, IRS' failure to

BN 46700704v1

perform a foreseeable harm analysis is independently fatal to its claim of exemption under Exemption 6.  This failure also highlights IRS' failure to meet its burden of showing that the disclosure of any of the requested records "would compromise a substantial, as opposed to a *de minimis,* privacy interest."  *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33 (D.C. Cir. 2002) (internal quotes omitted).  "FOIA expressly places the burden 'on the agency to sustain its action'. . . ."  *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. at 755.  Yet, IRS offers no facts to support its contention that any privacy interest would be "substantial."  IRS' Exemption 6 claim must fail.

## CONCLUSION

For the foregoing reasons, Argyle respectfully requests that this Court grant its Cross-Motion and deny IRS' Motion for Summary Judgment.

Dated:  August 25, 2021            Respectfully Submitted:

**BUCHALTER, A PROFESSIONAL CORPORATION**

*/s/* Barbara E. Lichman
Joshua M. Robbins (DC Bar No. 499192)
Barbara E. Lichman (*Appearing Pro Hac Vice*)
Daniel S. Shimell (*Appearing Pro Hac Vice*)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612
(949)760-1121
(949)720-0182 (fax)
jrobbins@buchalter.com
blichman@buchalter.com
dshimell@buchalter.com

Attorneys for Plaintiff Argyle Systems Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021, I electronically filed the foregoing Plaintiff Argyle Systems, Inc.'s Reply in Support of Cross-Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for Defendant.

*/s/ Barbara E. Lichman*
Barbara E. Lichman

Attorneys for Plaintiff Argyle Systems Inc.