UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARGLYE SYSTEMS INC, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | Civ. Action No. 21-16 (EGS) |

**MEMORANDUM OPINION**

This case arises out of Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests Plaintiff Argyle Systems, Inc. ("Argyle") made to the Internal Revenue Service ("IRS"). *See generally* Compl., ECF No. 1.

Pending before the Court are the IRS's Motion for Summary Judgment and Argyle's Cross-Motion for Summary Judgment. Upon careful consideration of the motions, the oppositions and replies thereto, the applicable law, the entire record, and for the reasons stated below, the Court **GRANTS** the IRS's Motion for Summary Judgment, ECF No. 16, and **DENIES** Argyle's Cross-Motion for Summary Judgment, ECF No. 18.

**I.  Factual Background**

The following facts are not in dispute. On or about October 9, 2020, Argyle submitted a FOIA request in which it sought "[a]ny and all correspondence, communications, files, documents,

1

and records in any form, including hard copies and electronically stored information, evidencing, reflecting or pertaining to agency records" for nine categories of agency records:

> (1) Reporting Agent Authorization forms, set forth in IRS form 8655, and submitted to IRS between January, 2020 and the present.
>
> (2) Reporting Agent's Lists ("RAL"), as described in Internal Revenue Manual ("IRM") Part 21, Section 21.3.9.3.1, created between January 1, 2020 and the present.
>
> (3) RAF0940I – RAF Snapshot Reports generated between January 1, 2020 and the present.
>
> (4) RAF41 listings, reports, and output files, as described in IRM Part 21, Section 21.3.9.10.3, generated between January 1, 2020 and the present.
>
> (5) RAFREPT AGTFIL01 – Agent File(s), as described in IRM Part 21, Section 21.3.9.10.3, generated between January 1, 2020 and the present.
>
> (6) RAFREPT AGTRPT01 – Agent File Report(s), as described in IRM Part 21, Section 21.3.9.10.3, generated between January 1, 2020 and the present.
>
> (7) Any and all RAF26 output files, as described in IRM Part 21, Section 21.3.9.10.4, generated between January 1, 2020 and the present.
>
> (8) Any and all RAF70 listings, reports, and output files, as described in IRM Part 21, Section 21.3.9.10.5, generated between January 1, 2020 and the present
>
> (9) Any and all RAF08 output files and reports, as described in IRM Part 21, Section

>      21.3.9.10.6, generated between January 1, 2020
>      and the present.

Compl., ECF No. 1 ¶ 14. The request stated that it "specifically does not include documents or information evidencing, reflecting or pertaining to Taxpayer returns, income or payments of tax liabilities." *Id*.

In response, the IRS provided records responsive to Item 3. Def.'s Brief in Support of the IRS's Mot. for Summ. J. ("Def.'s Mot."), ECF No. 16-2 at 1.[1] The IRS contends that the records sought in the remaining Items are categorically exempt from disclosure pursuant to FOIA Exemption 3 in conjunction with 26 U.S.C. § 1603(a), and partially exempt based on FOIA exemption 6. *See id*.

The parties do not dispute that the remaining items in Argyle's FOIA request can be categorized as follows: (1) Reporting Agent ("RA") Authorization, Form 8655; and (2) Reports generated from an IRS database—the Reporting Agents File ("RAF")—containing information derived from the Form 8655. Pl.'s Counter-Statement of Disputed Facts, ECF No. 18-1 ¶ 40. Revenue Procedure 2012-32 defines a RA as "an accounting service, franchiser, bank, service bureau, or other entity authorized to perform on behalf of a taxpayer one or more of the acts

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document

3

described in this revenue procedure." I.R.S. Tax Form and Instructions, Rev. Proc. 2012-13.

## II. Standard of Review

FOIA cases are typically and appropriately decided on motions for summary judgment. *Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C 2011) (citations omitted). Summary judgment is warranted "if the movant shows [by affidavit or other admissible evidence] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party opposing a summary judgment motion must show that a genuine factual issue exists by "(A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Any factual assertions in the moving party's affidavits will be accepted as true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). However, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

4

An agency has the burden of demonstrating that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted). In reviewing a summary judgment motion in the FOIA context, the court must conduct a *de novo* review of the record, *see* 5 U.S.C. § 552(a)(4)(B); but may rely on agency declarations. *See SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Agency affidavits or declarations that are "relatively detailed and non-conclusory" are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (internal quotation marks and citation omitted).

### A. FOIA Exemptions

Congress enacted FOIA to "open up the workings of government to public scrutiny through the disclosure of government records." *Judicial Watch, Inc.* 375 F. Supp. 3d at 97 (quoting *Stern v. FBI*, 737 F.2d 84, 88 (D.C. Cir. 1984) (internal quotation marks and alterations omitted)). Although the legislation is aimed toward "open[ness] . . . of government," *id.*; Congress acknowledged that "legitimate governmental and private interests could be harmed by release of certain types of information," *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (internal quotation marks and citations omitted). As such, pursuant to FOIA's nine exemptions, an agency may withhold requested information. 5 U.S.C. § 552(b)(1)-(9). However, because FOIA established a strong presumption in favor of disclosure, requested material must be disclosed unless it falls squarely within one of the exemptions. *See Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996).

The agency bears the burden of justifying any withholding. *See Bigwood v. U.S. Agency for Int'l Dev.*, 484 F.Supp.2d 68, 74 (D.D.C. 2007). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013) (internal quotation marks omitted).

6

**III. Analysis**

   **A. The IRS Conducted an Adequate Search as to Item 3 of the FOIA Request**

The IRS moves for summary judgment as to Item 3 of the FOIA request on the ground that it conducted an adequate search for this item and did not withhold any records. Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF No. 16-2 at 5. Argyle does not challenge the adequacy of the search for the records sought in Item 3 of the FOIA request. *See generally* Pl.'s Cross-Motion for Summ. J. ("Pl.'s Mot."), ECF No. 18. Accordingly, the IRS's Motion for Summary Judgment is **GRANTED** as to Item 3 of the FOIA request.

   **B. The IRS Properly Categorically Withheld Return Information Under Exemption 3 in Conjunction with 26 U.S.C. § 6103(a)**

The IRS invokes Exemption 3 in conjunction with 26 U.S.C. § 6103(a) to categorically withhold the remaining items in the FOIA request. Def.'s Mot., ECF No. 61-2 at 6.

Exemption 3 allows an agency to withhold or redact records that are "specifically exempted from disclosure by statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). "To invoke Exemption 3, the

7

government 'need only show . . . that the material falls within' a statute meeting the exemption's conditions." *DiBacco v. Dep't of the Army*, 926 F.3d 827, 835 (D.C. Cir. 2019) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 865 (D.C. Cir. 20009). "'If an agency's statements supporting exemption contain reasonable specificity of detail as to demonstrate that the withheld information logically falls within the claimed exemption and evidence in the record does not suggest otherwise, . . . the court should not conduct a more detailed inquiry to test the agency's judgment and expertise or to evaluate whether the court agrees with the agency's opinions.'" *Id*. (quoting *Larson*, 565 at 865).

It is well-settled that "Section 6103(a) is an exemption 3 provision." *Electronic Privacy Information Center v. I.R.S.*, 910 F. 3d 1232, 1237 (D.C. Cir. 2018). Section 6103 provides that "[r]eturns and return information shall be confidential . . . except as authorized by this title."[2] 26 U.S.C. § 6103(a). It further provides that no United States employee "shall disclose any return or return information obtained by him in any manner in connection with his service." 26 U.S.C. § 6103(a).

Section 6103(b) broadly defines "return information" to include

---

[2] There is no dispute that the exceptions are inapplicable here.

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

26 U.S.C. § 6103(b)(2)(A). The phrase "with respect to" in Section 6103(b)(2)(A) has an "extremely general character." *Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1136 (D.C. Cir. 2001).

At dispute is whether the submitted Forms 8655 and the reports are "return information." Argyle contends that the requested records are not return information because "by IRS's admission, none of the requested records constitutes a return or a document derived from a return." Pl.'s Mot., ECF No. 18 at 13. However, in *Landmark*, the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") rejected this same argument when it rejected the "argument that [§6103(b)(2)(A)] protects only 'return information,' and thus can cover only information that relates to an actual tax return," *Landmark*, 267 F. 3d at 1138; observing that the plaintiff's "rather wistful point

9

disregards the actual statutory definition, which plainly reaches far beyond what the phrase 'return information' would normally conjure up," *id*.

*Landmark* arose out of a "public controversy over claims that the [IRS] had selectively audited conservative non-profit organizations in response to requests from outside parties." *Id*. at 1133. To investigate the allegations, the plaintiff submitted a FOIA request for records of external requests to the IRS for audits or investigations of 501(c)(3) tax-exempt organizations including the names of the entities/individuals requesting the audits or investigations, and the names of the 501(c)(3) tax-exempt organizations for which audits or investigations were requested. *See id*. at 1134. In concluding that the requested records constituted "return information," the D.C. Circuit observed that "§ 6103 seems deliberately sweeping . . . reaching data 'received by, recorded by, prepared by, furnished to, or collected by' the Secretary. It appears to take no interest in the Secretary's actual *use* of the material." *Id*. at 1136. The court further concluded that "the term 'data' is correctly understood to cover the identity of third parties who urge the IRS to withdraw or reexamine an entity's tax-exempt status." *Id*. at 1137.

Argyle argues that *Landmark* does not help the IRS here. As an initial matter, in its Opposition to Defendant's Motion for

10

Summary Judgment, and Cross-Motion for Summary Judgment, Argyle failed to address the IRS's arguments based on *Landmark*. *See generally* Pl.'s Cross-Mot., ECF No. 18. After the IRS pointed this out, *see* Def.'s Reply, ECF No. 20 at 7; Argyle argued that "the *Landmark* Court determined only that the documents requested in that case were exempt because they were submitted 'with respect to the determination of the existence, or possible existence of liability . . . .'" Pl.'s Reply, ECF No. 21 at 10. However, Argyle's argument is unpersuasive because it entirely fails to address the D.C. Circuit's reasoning in *Landmark*. S*ee generally* Pl.'s Reply, ECF No. 21.

Argyle would have this Court disregard Circuit authority and instead adopt the reasoning of the Court of Appeals for the 6th Circuit ("6th Circuit") in *In re United States v. NorCal Tea Party Patriots* ("*NorCal*") 817 F.3d 953 (6th Cir. 2016). In *NorCal*, the 6th Circuit held that the names, addresses, and taxpayer-identification numbers of applicants for tax-exempt status are not "return information." 817 F. 3d at 965. In so holding, the 6th Circuit recognized that the D.C. Circuit had held that the names of applicants for tax exempt status are "return information." *Id*. at 964 (citing Landmark, 267 F. 3d at 1135). The 6th Circuit found the D.C. Circuit's holding unpersuasive because in their view the D.C. Circuit had so held based on its understanding that "return information"

11

specifically covers 'a taxpayer's identity' without taking into consideration that the statute defines "taxpayer identity" as, *inter alia*, "the name of the person with respect to whom a return is filed." *Id.* (citing § 6103(b)(2)(A)). However, as the IRS points out, "the court in *NorCal* incorrectly assumed that a 'taxpayer's identity includes only names on a return, not on an application.'" Def.'s Reply, ECF No. 20 at 8 (internal quotation marks omitted). The Court concludes that *NorCal* is unpersuasive in view of the D.C. Circuit authority in *Landmark*.

Argyle also argues that the plain language of section 6103(b)(2)(A) "limits 'return information' to information prepared or received by the IRS 'with respect to a <u>return</u> or with respect to the determination of the existence, or possible existence, of <u>liability (or the amount thereof)</u> . . . ." Pl.'s Reply, ECF No. 21 at 9 (emphasis added). Argyle argues that since "[n]either of these conditions are present with respect to the requested records" they are not exempt from disclosure. However, this plain language argument ignores the D.C. Circuit precedent in *Landmark*.

Argyle also points to authority from other circuits to support its argument that the remaining items are not "return information." Under that authority, for information to constitute "return information," the immediate source of the information must be a return or an internal IRS document based

12

on a return. In *Thomas v. U.S.*, 890 F.2d 18 (7th Cir. 1989), the question for the Court was "whether the issuance by the [IRS] of a press release that contains information about a taxpayer's liability drawn from a Tax Court opinion is an unauthorized disclosure of tax-return information, exposing the government to liability . . ." 890 F. 2d at 19. The Court found that the direct source of the information was not Mr. Thomas's tax return, but rather the Tax Court's opinion. *Id*. at 20. Accordingly, the Court stated its "belie[f] that the definition of return information comes into play only when the immediate source of the information is a return, or some internal document based on a return, as these terms are defined in § 6103(b)." *Id.* at 21; *see also Rice v. U.S.*, 166 F.3d 1088, 1091 (1999) ("whether information about a taxpayer may be classified as 'return information' invoking the application of § 6103 turns on the *immediate source* of the information"). In view of *Landmark*, however, the Court finds these non-binding opinions unpersuasive.

Pursuant to *Landmark*, and its direction to broadly construe "return information," the Court concludes that the information in Form 8655 falls within the definition of "return information." Item 1 of the FOIA request—Form 8655—as submitted to the IRS, contains: (1) identifying information about the taxpayer filing the form—the taxpayer's name, EIN, address and

13

telephone number; (2) information that identifies taxpayer's RA—the RA's name, EIN, address, and telephone number; (3) which types of returns the RA is authorized to sign and file on behalf of the taxpayer; (4) which types of tax returns for which the RA is authorized to make deposits and payments; and (5) whether the RA is authorized to receive information about the taxpayer on Forms Series W-2, 1099, or 3921/3922. Blank IRS Form 8655, ECF No. 16-1 at 1. The taxpayer signs and dates the Form 8655 and provides their title. *Id*. This data is "return information" because it is provided to the IRS "with respect to the determination of the existence, or possible existence, of liability." 26 U.S.C. § 6103(b)(2)(A).

Item 2 of the FOIA request is for RA's Lists ("RAL"). The RAL is submitted by an RA and, among other things, identifies taxpayers for whom an RA will perform authorized services.[3] Argyle, relying on *Ryan v. Bureau of A.T.F.*, 715 F.2d 644 (D.C. Cir. 1983), argues that because an RAL is submitted by an RA rather than a taxpayer, it is not exempt from disclosure. Pl.'s

---

[3] Argyle disputes this statement only insofar as it includes the word "taxpayer." Pl.'s Counter-Statement of Disputes Facts, ECF No. 18-1 ¶ 24. However, there can be no genuine dispute that the Form 8655 solicits the name, identifying information, and signature and title of the "Taxpayer." *See* Blank IRS Form 8655, ECF No. 16-6. Nor do the parties dispute that "[a]n RAL typically contains or is accompanied by the Forms 8655 of a [RA]. Pl.'s Counter-Statement of Disputes Facts, ECF No. 18-1 ¶ 25.

14

Mot., ECF No. 18 at 15. The IRS responds—and the Court agrees—that Argyle is mistaken in its reliance on *Ryan*, because in that case, the D.C. Circuit was interpreting the flush language that follows § 6103(b)(2)(A)'s definition of "return information"—the "Haskell Amendment." Def.'s Reply, ECF No. 20 at 13. The Haskell Amendment "allows the IRS to 'release for research purposes statistical studies and compilations of data, such as the tax model, ***which do not identify individual taxpayers***.' . . . and does not apply to information that an agency simply transfers from one document to another." *Judicial Watch v. S.S.A.*, 799 F. Supp. 2d 91, 94 (D.D.C. 2011) (citing *Church of Scientology*, 484 U.S. at 16)(emphasis added). This is not the case with the RAL as it identifies taxpayers for whom an RA will perform authorized services. Argyle failed to respond to this argument in its Reply briefing. *See generally* Pl.'s Reply, ECF No. 21. The Court concludes that RALs are "return information" because they provided to the IRS "with respect to the determination of the existence, or possible existence, of liability." 26 U.S.C. § 6103(b)(2)(A).

The parties do not dispute that the remaining items in the FOIA request are reports generated from the RAF database, which contains information derived from the Form 8655. Pl.'s Counter-Statement of Disputed Facts, ECF No. 18-1 ¶ 40. Item 4 contains

lists of taxpayer EINs associated with particular RAs.[4] *Id.* ¶ 28. Items 5 and 6 also contain taxpayer EINs.[5] *Id.* ¶ 31. Item 7 contains information found on the Form 8655. *Id.* ¶ 35. Item 8 contains "listings and reports of the additions or deletions of taxpayer/client information to the RAF database."[6] *Id.* ¶ 35. Item 9 contains "a report for each RA whose clients (taxpayers) have revoked the RA's authorization."[7] *Id.* ¶ 37. As with the Form 8655 and the RAL, the Court concludes Items 4 through 9 of the FOIA request are "return information" because they are provided to the IRS "with respect to the determination of the existence, or possible existence, of liability." 26 U.S.C. § 6103(b)(2)(A).

---

[4] Argyle disputes this statement only insofar as it includes the word "taxpayer." Pl.'s Counter-Statement of Disputes Facts, ECF No. 18-1 ¶ 28. However, there can be no genuine dispute that the Form 8655 solicits the EIN of the "Taxpayer." *See* Blank IRS Form 8655, ECF No. 16-6.

[5] Argyle disputes this statement only insofar as it includes the word "taxpayer." Pl.'s Counter-Statement of Disputes Facts, ECF No. 18-1 ¶ 31. However, there can be no genuine dispute that the Form 8655 solicits the EIN of the "Taxpayer." *See* Blank IRS Form 8655, ECF No. 16-6.

[6] Argyle disputes this statement only insofar as it includes the word "taxpayer." Pl.'s Counter-Statement of Disputes Facts, ECF No. 18-1 ¶ 31. However, there can be no genuine dispute that the Form 8655 solicits the "Taxpayer" information described *supra*. *See* Blank IRS Form 8655, ECF No. 16-6.

[7] Argyle disputes this statement only insofar as it includes the word "taxpayer." Pl.'s Counter-Statement of Disputes Facts, ECF No. 18-1 ¶ 31. However, there can be no genuine dispute that the Form 8655 solicits the "Taxpayer" information described *supra*. *See* Blank IRS Form 8655, ECF No. 16-6.

For all these reasons, the IRS's Motion for Summary Judgment is **GRANTED** as to Items 1-2 and 4-9 of the FOIA request. The Court need not reach the IRS's argument that Argyle's FOIA request is unduly burdensome and overly broad on its face because it would result in millions of pages of responsive records, *see* Def.'s Mot., ECF No. 16-2 at 14; nor whether Argyle conceded that argument, *see* Def.'s Reply, ECF No. 20 at 4. Additionally, the Court need not address whether the records are also exempt under FOIA exemption 6. *See Landmark Legal Foundation ("Landmark") v. I.R.S.*, 267 F. 3d 1132, 1134 (D.C. Cir. 2001)(noting that the Court need not reach whether the records were properly withheld under Exemption 6 after determining that Exemption 3 was applicable to the records).

### C. The Foreseeable Harm Standard Does Not Apply

In 2016, Congress passed the FOIA Improvement Act ("FIA"), Pub. L. No. 114-185, 130 Stat. 538, which, among other things, codified the "foreseeable harm" standard established by the Department of Justice in 2009 and used to defend an agency's decision to withhold information. *See* S. Rep. No. 114-4, at 3 & n.8 (2015) (citing Office of Att'y Gen., Memorandum for Heads of Executive Departments and Agencies, Subject: Freedom of Information Act (Mar. 19, 2009)); S. Rep. No. 114-4, at 7-8.

Accordingly, as amended by the FIA, the statutory text now provides that: "An agency shall ... withhold information under

this section only if ... (I) the agency reasonably foresees that disclosure would harm an interest protected by [a FOIA] exemption; or (II) disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A). Stated differently, "pursuant to the [FIA], an agency must release a record—even if it falls within a FOIA exemption—if releasing the record would not reasonably harm an exemption—protected interest" or if the law does not prohibit the disclosure. *Rosenberg v. U.S. Dep't of Def.*, 342 F. Supp. 3d 62, 72 (D.D.C. 2018) (citation omitted).

Argyle argues that the IRS has failed to comply with the foreseeable harm standard. *See* Pl.'s Mot., ECF No. 18 at 7. Argyle is mistaken. "'[T]he foreseeable harm standard only applies to those FOIA exemptions under which discretionary disclosures can be made.'" *Rosenberg v. U.S. Department of Defense*, 342 F. Supp. 3d 62, 73 n.1 (D.D.C. 2018)(quoting S. Rep. No. 114-4, at 8). "Information that is prohibited from disclosure or exempt from disclosure by law 'is not subject to discretionary disclosure and is therefore not subject to the foreseeable harm standard.'" *Id*. (quoting S. Rep. No. 114-4, at 8). Here, as explained *supra*, disclosure is prohibited by law. Accordingly, the IRS was not required to comply with the foreseeable harm standard.

**D. Segregability**

Argyle contends that the IRS has failed to segregate non-disclosable portions of the information. Pl.'s Mot., ECF No. 18 at 15-17. Under FOIA, "even if [the] agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record(s)." *Roth v. U.S. Dept. of Justice*, 642 F. 3d 1161, 1167 (D.C. Cir. 2001) (internal quotation marks and citation omitted). "[I]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F. 2d 242, 260 (D.C. Cir. 1977)). However, where return information is exempt from disclosure under Section 6103(b), the IRS has no duty under FOIA to undertake redactions. *See Church of Scientology of California v. I.R.S.*, 484 U.S. 9 (1987). Accordingly, there are no segregable portions of the records.

**IV. Conclusion**

For the reasons set forth above, the IRS's Motion for Summary Judgment, ECF No. 16 is **GRANTED** and Argyle's Cross-Motion for Summary Judgment, ECF No. 18, is **DENIED**. An appropriate order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            September 25, 2022**